# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**THOMAS SCOTT (# 45563)**                                                        **PLAINTIFF**

**v.**                                                            **No. 4:06CV177-P-B**

**WARDEN RAYMOND BYRD, ET AL.**                                **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Thomas Scott, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### The Plaintiff's Claims

The plaintiff makes several allegations regarding the general conditions of his confinement, as well as the specific allegation that the prison commissary failed to reimburse him for smoking tobacco that he returned and rolling papers that he ordered.

The plaintiff claims that he has a jean jacket with no hood and canvas tennis shoes. He claims further that prisoners at the Delta Correctional Facility are not permitted to wear other shoes unless they work outside or perform maintenance within the prison. In addition, he claims that older prisoners are sometimes required to sleep on top bunks which have no handles or other means to assist in climbing up or down. He also alleges that inmate kitchen workers are not paid for their labor and that kitchen workers are not given tetanus shots prior to their assignment to kitchen labor.

The plaintiff argues that the canvas jackets and shoes are insufficient in the winter and spring months, potentially subjecting inmates to a higher risk of cold and influenza. He also argues that placing older inmates in the upper bunks provided leaves those inmates at higher risk for foot injury. The plaintiff also posits that, as a matter of fairness, inmates should be paid for their labor in the kitchen.

The plaintiff's final claim is that on August 18, 2006, he ordered four packs of People's Choice Smoking Tobacco, which comes without rolling papers. The plaintiff also ordered rolling papers so that he could smoke the tobacco he purchased. The plaintiff did not, however, receive the rolling papers. As he could not use the smoking tobacco without the rolling papers, the plaintiff attempted to return the tobacco. The plaintiff did not, however, receive a refund for the tobacco. He thus paid for tobacco and rolling papers, but now has possession of neither. The plaintiff has not alleged that he requested a refund or otherwise attempted to recover his missing funds.

## General Conditions

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S.

825, 832 (1994)). Based upon a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the instant claims do not rise to the level of a constitutional violation. The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581. Indeed, the plaintiff in this case has not even alleged that he, personally, has suffered discomfort, much less injury. As such, the plaintiff's claims that the general conditions of his confinement violate the Eighth Amendment prohibition against cruel and unusual punishment shall be dismissed for failure to state a constitutional claim.

## Negligent Deprivation of Property

The plaintiff asserts a claim of negligence against the defendants in this case; he claims only that the defendants mishandled his inmate account. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). The Court in *Daniels* discussed the historical reason behind the Due Process Clause of the Fourteenth Amendment, its prohibition against *deliberate* decisions of government officials to deprive a person of life, liberty or property. *Daniels* at 331-32. "This history reflects the traditional and common-sense notion that the Due Process Clause, like its forbear in the Magna Carta, was 'intended to secure the individual from the arbitrary exercise of the powers of government.'"[1] The Court reasoned:

---

[1] *Id.*, citing *Hurtado v. California*, 110 U.S. 516, 527, 4 S.Ct. 111, 116, 28 L.Ed. 232 (1884) (quoting *Bank of Columbia v. Okely*, 4 Wheat. (17 U.S.) 235, 244, 4 L.Ed. 559 (1819)) (internal citations omitted). See also *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government . . . .")

> We think that the actions of prison custodians in leaving a pillow on the stairs, *or mislaying an inmate's property*, are quite remote from the concerns just discussed. Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process law.
>
> . . .
>
> Where a government official's act causing injury to life, liberty, or property is merely negligent, no procedure or compensation is *constitutionally* required.

*Id.* (internal citations omitted) (emphasis added). The plaintiff's claim – mismanagement of his inmate account – sounds wholly in negligence. Thus, under the reasoning of *Daniels* and *Davidson, supra,* these claims shall be dismissed with prejudice. In sum, all of the plaintiff's claims shall be dismissed with prejudice for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of March, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE